NUMBER 13-02-349-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


IN THE MATTER OF THE ESTATE OF HERMINIO MONTELONGO

___________________________________________________________________


On appeal from the County Court at Law No. 2 

of Cameron County, Texas.

__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez


 Appellant, Vicente Robles, brings this appeal following the award of attorney's fees to Denis A. Downey. By one issue,
Robles contends the trial court erred in awarding attorney's fees four years after a final judgment was entered that did not
award attorney's fees. We affirm.

 This is a memorandum opinion not designated for publication. See Tex. R. App. P. 47.4. The parties are familiar with the
facts and we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons
for it. See id.

I. Relevant Facts

 Denis Downey was hired to represent the estate of Herminio Montelongo in 1988. From 1988 until October 2001,
Downey was involved in six civil trials as the legal representative for the estate.

 Vicente Robles brought suit on August 11, 1997 to remove cloud on title for three parcels of real estate that once belonged
to the estate of Montelongo. Robles purchased the properties at a Sheriff's sale. The property included two residential lots
in Brownsville and a warehouse property in McAllen. Downey represented the estate in an attempt to assert title to the
property, but the trial court found that Robles was a bona fide purchaser of all three lots of property. At the time of the trial
court's order, Downey was not awarded attorney's fees. 

 In October 2001, Downey applied for attorney's fees relating to the administration of Montelongo's estate. The presiding
judge found that Downey was entitled to full compensation, but explicitly excluded any possible recovery from Robles
individually or from the three properties involved. The Montelongo estate was insolvent at the time of Downey's award. 

 Thereafter, on March 6, 2002, the court held another hearing on Downey's application for attorneys fees/ expenses. By the
final order, the presiding judge: (1) allowed Downey to collect all attorney's fees requested ($101,029); (2) ordered a
judgment against the Montelongo estate in the amount of $101,029; (3) ordered the warehouse property in McAllen sold to
satisfy the judgment; (4) ordered Downey to protect, exonerate, and indemnify Robles and his chain of realty title against
anyone who might seek to recover due to the title of the McAllen warehouse property. 

 The record shows that Robles is no longer the record owner of the McAllen warehouse property. It was transferred to
Mario Rodriguez, in 1998, and then back to Herminio Montelongo, the decedent. The property was in Montelongo's name
as of the March 2002 hearing. At that hearing, the court clarified its final order by explicitly stating that Downey could
execute on the McAllen property as long as Robles's chain of title was completely indemnified. 

II. Analysis

 "Personal representatives of estates shall be entitled to all reasonable and necessary expenses incurred . . . and all
reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate." Tex.
Prob. Code Ann. § 242 (Vernon 2003); see Tindall v. State, 671 S.W.2d 691, 693 (Tex. App.-San Antonio 1984, writ ref'd
n.r.e.). 

 We agree with appellant that plenary power of a trial court following the entry of a final order generally terminates after
thirty days. Tex. R. Civ. P. 329(d). We also agree that a judgment cannot be set aside by the trial court, with limited
exceptions, after expiration of that plenary power. Id. Rule 329(f). However, we do not agree that either of these rules of
civil procedure have been violated in this instance. Downey has been awarded attorney's fees pursuant to the administration
of Montelongo's estate, irrespective of Robles's suit to remove cloud on title. The order granting Downey's application for
attorney's fees and expenses does not vacate, modify, correct, or reform the judgment entered in favor of Robles in his suit
to remove cloud of title. The order simply gave Downey the right to collect attorney's fees for the administration of
Montelongo's estate. See id. Rule 329(d). (1)

 Because we find it proper to award reasonable attorney's fees, necessarily incurred in connection with the proceedings and
management of the administration of an estate, we find no error in awarding Downey's attorney's fees. See Tex. Prob. Code
Ann. § 242. Robles sole issue is overruled. 

 Accordingly, we affirm the judgment of the trial court. 

 

NELDA V. RODRIGUEZ

Justice

Opinion delivered and filed

this 17th day of July, 2003.

1. Robles has been adjudged to be a bona fide purchaser of property that previously belonged to the Montelongo estate. 
Robles has apparently filed this appeal because the property is now being sold to satisfy Downey's judgment lien. We find
no issue in the sale of this property to satisfy Downey's judgment lien because: (1) Robles is no longer the owner of the
warehouse property; (2) the estate of Montelongo is the current record title holder of the property; and (3) the court order
allowing execution on the property requires Downey to indemnify Robles and his chain of title against anyone who might
seek to recover pursuant to the title of the property.